**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

_____
                                                    )        **CIVIL ACTION NO.**
**GINA VALENCIA,**                  )
                        **Plaintiff**          )
        **v.**                                  )
                                                    )
**LIFEMAP ASSURANCE COMPANY,**   )
                        **Defendant**        )
_____)

## COMPLAINT

The Plaintiff, GINA VALENCIA ("VALENCIA"), by and through her undersigned counsel, hereby sues LIFEMAP ASSURANCE COMPANY ("LIFEMAP"), and alleges as follows:

### JURISDICTION, VENUE AND PARTIES

1.  This action arises under ERISA or the Employee Retirement Income Security Act of 1974, 29 USC §§ 1001 et seq., and more particularly 29 USC §1132 (a) (1) (B) thereof. This Court has jurisdiction under 29 USC § 1132 (f), which grants to the federal court original jurisdiction to determine claims under 29 USC §§ 1001 et seq. VALENCIA brings this action to recover long-term disability ("LTD") benefits due to her under the terms of an employee welfare benefit plan, to enforce her rights under the plan and to clarify her rights to benefits under the terms of the plan.

2.  VALENCIA was at all times relevant a citizen of the United States of America and in all respects sui juris.

3.  LIFEMAP is a corporation with its principal place of business in the State of Oregon, authorized to transact and is transacting business in the Commonwealth of Massachusetts.

4.  Venue is proper in this District under 29 USC 1132 (e)(2), in that the defendant, LIFEMAP, is authorized to and is doing business within the Commonwealth of Massachusetts and "may be found" in the District of Massachusetts.

## **FACTUAL ALLEGATIONS**

5.     This case arises out of the purposeful, unwarranted and unlawful denial of disability benefits to VALENCIA by LIFEMAP.

6.     VALENCIA was at all times material an employee of ICU MEDICAL, INC.   ("ICU MEDICAL").

7.     VALENCIA was at all times material a plan participant under the ICU MEDICAL Benefit Plan, Group Policy No. UT 00470U (the "LTD Plan") which is established by ICU MEDICAL and pursuant to which VALENCIA is entitled to benefits. A true and correct copy of the LTD Policy has been attached hereto as **Exhibit "A."**

8.     The LTD Plan is an employee welfare benefit plan within the meaning of Title 29, USC § 1002 and regulated by ERISA.

9.     LIFEMAP is the insurer of benefits under the LTD Plan and was appointed by ICU MEDICAL, the Plan Administrator, as the named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

10.    As the decision maker and payer of plan benefits, LIFEMAP administered the claim with a conflict of interest and the bias this created affected the claims determination. As such, LIFEMAP is not entitled to a deferential standard of review.

11.    Pursuant to the terms and conditions of the LTD Plan, VALENCIA is entitled to LTD benefits for the duration of her disability, for so long as she remains disabled as required under the terms of the LTD Plan.

12.    As it relates to VALENCIA's claim, the LIFEMAP Policy states in relevant part as follows:

<u>TOTAL DISABILITY</u> or <u>TOTALLY DISABLED</u> means during the elimination period and the next 24 months of disability the insured is:

1.  unable to perform all of the material and substantial duties of his occupation on a full-time basis because of a disability:

    a.  caused by injury or sickness;

    b.  that started while insured under this policy; and

2.  after 24 months of benefits have been paid, the insured is unable to perform with reasonable continuity all of the material and substantial duties of his own or any other occupation for which he is or becomes reasonably fitted by training, education, experience, age and physical and mental capacity.

With respect to insureds employed as pilots, co-pilots and crew of aircraft:

"Total disability" or "totally disabled" means because of injury or sickness the insured cannot perform the material duties of any gainful occupation for which he is or becomes reasonably fitted by training, education or experience. The loss of a pilot's license for any reason does not, in itself, constitute total disability.

13.  Since approximately March 3, 2015 VALENCIA has been disabled under the terms of the LTD Plan.

14.  Shortly after becoming disabled, VALENCIA made a claim to LIFEMAP under the LTD Plan for disability benefit, which LIFEMAP initially approved following the elimination period, and paid through December 17, 2017.

15.  By letter dated December 18, 2017 LIFEMAP notified VALENCIA of their decision to deny her LTD benefits claiming she had reached the 24-month maximum benefit period for mental illness claims.

16.  By letter dated June 19, 2018 VALENCIA timely appealed LIFEMAP's adverse benefit determination clearly establishing that her claim was not subject to the mental illness provision.

17.  By letter dated September 11, 2018 LIFEMAP affirmed their decision to deny

3

VALENCIA's LTD benefits on the new basis that she did not qualify for benefits under the Policy's "any gainful occupation" provision.

18. By letter dated March 8, 2019 VALENCIA timely appealed this new basis for LIFEMAP's adverse benefit determination.

19. By letter dated April 15, 2019 LIFEMAP affirmed their decision to deny VALENCIA's LTD benefits under the Policy's "any gainful occupation" provision.

20.  At all relevant times, VALENCIA complied with all conditions precedent and exhausted all required administrative remedies under the LTD Plan.

21. At all relevant times, as a result of sickness or injury, VALENCIA has been unable to perform the important duties of her regular job with ICU MEDICAL or any gainful occupation for which she was reasonably qualified.

22. At all relevant times, VALENCIA has been under the regular care of a doctor.

23. At all relevant times, VALENCIA was a Covered Person under the LTD Plan.

24. From December 18, 2017 to the present date, VALENCIA has not received benefits owed to her under the LTD Plan, despite VALENCIA's right to these benefits.

25. At all relevant times, LIFEMAP was the payer of benefits.

26. At all relevant times, LIFEMAP was the "Insurance Company" identified throughout the LTD Plan.

27. At all relevant times, LIFEMAP was the Administrator and named fiduciary for deciding claims for benefits under the LTD Plan, and for deciding any appeals of denied claims.

28. At all relevant times, VALENCIA has been and remains Disabled and entitled to LTD benefits from LIFEMAP under the terms of the LTD Policy.

29. VALENCIA has been forced to retain the services of the undersigned counsel in order to prosecute this action and is obligated to pay a reasonable attorney's fee.

**CLAIM FOR BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PREJUDGMENT AND POSTJUDGMENT INTEREST AND ATTORNEYS' FEES AND COSTS PURSUANT TO 29U.S.C. § 1132(a)(1)(B)**

30.     VALENCIA incorporates Paragraphs 1 through 29 as if fully set forth herein.

31.     This is a claim to recover benefits, enforce rights, and clarify rights to future benefits under 29 U.S.C. §1132(a)(1)(B)

32.     Pursuant to 29 U.S.C. §1132(a)(1)(B), VALENCIA, as a participant under the LTD Plan, is entitled to sue for judicial determination and enforcement of benefits.

33.     VALENCIA has no other adequate remedy at law to address the injuries she has suffered and will continue to suffer as a result of LIFEMAP'S failure to pay her disability benefits.

34.     VALENCIA has exhausted all administrative remedies under the LTD Plan.

35.     LIFEMAP breached the LTD Plan and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to VALENCIA at a time when LIFEMAP knew, or should have known, that VALENCIA was entitled to those benefits under the terms of the LTD Plan, as VALENCIA was disabled and unable to work and therefore entitled to benefits.

(b) Failing to provide a prompt and reasonable explanation of the basis relied upon under the terms of the LTD Plan documents, in relation to the applicable facts and LTD Plan provisions, for the denial of VALENCIA's claim for LTD benefits;

(c) After VALENCIA's claim was denied in whole or in part, LIFEMAP failed to adequately describe to VALENCIA any additional material or information necessary for VALENCIA to perfect her claim, along with an explanation of why such material is or was necessary.

(d) LIFEMAP failed to properly and adequately investigate the merits of VALENCIA's disability claim and failed to provide a full and fair review of VALENCIA's claim.

36.     VALENCIA believes and thereon alleges that LIFEMAP wrongfully denied her claim for disability benefits under the LTD Plan by other acts or omissions of which VALENCIA

is presently unaware, but which may be discovered in this future litigation and which VALENCIA will immediately make LIFEMAP aware of once said acts or omissions are discovered by VALENCIA.

37.    Following the denial of benefits under the LTD Plan, VALENCIA exhausted all administrative remedies required under ERISA, and VALENCIA has performed all duties and obligations on her part to be performed under the LTD Plan.

38.    As a proximate result of the aforementioned wrongful conduct of LIFEMAP, VALENCIA has damages for loss of disability benefits in a total sum to be shown at the time of trial.

39.    As a further direct and proximate result of this improper determination regarding VALENCIA's claim for benefits, VALENCIA, in pursuing this action, has been required to incur attorneys' costs and fees.  Pursuant to 29 U.S.C. § 1132(g)(1), VALENCIA is entitled to have such fees and costs paid by LIFEMAP  .

40.    The wrongful conduct of LIFEMAP has created uncertainty where none should exist; therefore, VALENCIA is entitled to enforce her rights under the terms of the LTD Plan and to clarify her right to future benefits under the terms of the LTD Plan.

## REQUEST FOR RELIEF

WHEREFORE, GINA VALENCIA prays for relief against LIFEMAP ASSURANCE COMPANY as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the LTD Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to be paid under the LTD Plan for so long as Plaintiff remains disabled under the terms of the LTD Plan;

3. In the alternative to the relief sought in paragraphs 1 and 2, an order remanding Plaintiff's claim to the claims administrator to the extent any new facts or submissions are to be considered;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: June 25, 2019

> ATTORNEYS DELL AND SCHAEFER,
> CHARTERED
> Attorneys for Plaintiff
> 2404 Hollywood Boulevard
> Hollywood, FL 33020
> (954) 620-8300
>
> *S/ Jay P. Symonds*
>
> JAY P. SYMONDS, BBO No: 637972
> Email: jay@diattorney.com
> GREGORY M. DELL, BBO No: 677565
> Email: gdell@diattorney.com